VANDERFORD v. FOREMAN.

(Filed November 12, 1901.)

1. LANDLORD AND TENANT—*Tender—Lease—Rents—The Code, Secs. 573, 1773.*

A tender by tenant of rent accrued after termination of lease does not preclude the landlord from recovering possession.

2. LANDLORD AND TENANT—*Rent—Termination of Lease—Tenancy from Year to Year.*

Acceptance by the landlord of rent accruing after termination of lease, after suit for possession, does not create a tenancy from year to year, and does not preclude landlord from recovery.

ACTION by T. H. Vanderford and others against J. Q. and D. F. Foreman, trading as Foreman Bros., heard by Judge *Geo. H. Brown* and a jury, at May Term, 1901, of the Su-

perior Court of ROWAN County. From a judgment for the plaintiffs, the defendants appealed.

*Overman & Gregory,* and *T. F. Kluttz,* for the plaintiffs.
*R. Lee Wright,* for the defendants.

MONTGOMERY, J.   The tender, in writing, made by the defendant and accepted by the plaintiff, and in which there was an offer made to pay a certain amount, less than that mentioned in the complaint, in full of rent claimed and the costs, contained the following words in its conclusion, "And ask and demand that the same be accepted and this action and proceeding cease and be dismissed under said sec. 1773 of The Code." Upon the further prosecution of the case by the plaintiff, his Honor, upon the motion of the defendant, made, both at the call of the case and at the end of the evidence, refused to dismiss the action.

The plaintiffs alleged in their complaint that the lease had expired on the 31st of December, 1899, and that demand for possession and notice to vacate on that date had been properly given, and that since the expiration of the lease a large amount was due as rent for the occupation of the premises.

The defendants contend that the plaintiffs can not further prosecute their action for recovery of possession for the reason that the tender contained a condition to that effect, and as the plaintiffs received the amount tendered they are bound by the condition; and also, that if it be taken as true that the lease expired on the 31st of December, 1899, yet, when the plaintiffs received under the tender the amount offered in settlement of the rent claimed for occupation after the expiration of the lease, the tenancy became one from year to year.

We think the defendants' contention can not be made good. The tender was avowedly made under section 1773 of The

Code, but the action was brought for the recovery of the possession of the premises, not upon a forfeiture of the lease for the non-payment of rent, but because of the expiration of the term; and, therefore, under that section of The Code the attempted condition contained in the tender could only apply to the settlement of the dispute about the amount of rent due.

It is not contended by the defendants that the tender was made under section 573 of The Code. It stands, then, disconnected with either section of The Code above referred to, and the request made that the suit be dismissed is no more than what it purports to be—a simple request which the plaintiffs could comply with or not as they saw fit to do.. It was merely the defendants' view of the effect, in law, of the acceptance of the money under section 1773 of The Code. It concluded the plaintiffs as to the amount of the rent due for the time mentioned, but could not affect the Court in the plaintiffs' complaint for the recovery of possession of the premises.

As to the other phase of the defendants' contention, i. e., that the acceptance of the rent for the time after the expiration of the term converted the tenancy into one from year to year, it may be said that there would be force in it, if there had not been served in proper time a notice upon the defendants to vacate the premises and deliver possession at the end of the term. In an action to recover the possession of leased premises, the plaintiff can recover damages for the occupation of the premises since the cessation of the estate of the lessee, and surely the plaintiff could receive it by voluntary payment without the effect of continuing the lease.

The defendants were not entitled to have their fourteen prayers for instruction given, or either one of them, for they all covered the two points above discussed, except the seventh and the fourteenth; and the seventh was too general, and the fourteenth correct in part and incorrect in part.

No Error.