MERCHANTS OIL COMPANY, A CORPORATION, v. MECKLENBURG COUNTY, HENRY W. HARKEY, CHAIRMAN, AND J. A. SHERRILL, ROBERT F. DUNN, E. J. PRICE, ARTHUR H. WEARN, COUNTY COMMISSIONERS OF MECKLENBURG COUNTY, NORTH CAROLINA.

(Filed 15 December, 1937.)

**1. Landlord and Tenant § 15c—Where lessee does not give notice of intention to renew as required by lease he loses right to renew.**

The lease in question provided that the lessee might renew for a term of three years upon condition that the lessee give notice in writing of such intention, on or before a stipulated date, such notice to constitute an agreement to pay the stipulated rent for the additional period and to perform all obligations upon the part of the lessee as set forth in the lease. The trial court found, upon supporting evidence, that lessee failed to give notice of intention to renew within the time stipulated, but did give notice subsequent to the expiration of the stipulated time. *Held:* Upon the facts found, lessee, by failing to give the notice containing the agreements stipulated in the lease within the time prescribed, lost his right to extend the lease.

**2. Landlord and Tenant § 2: Evidence § 39—**

Conversations, statements, and negotiations prior to the execution of the written contract are merged therein, and the parties are bound by the terms of the writing.

**3. Landlord and Tenant § 2: Contracts § 8—**

The fact that a lease contract is prepared by lessor cannot have the effect of modifying its plain provisions when the lessee signs the contract, and there is no evidence that his signature was obtained by fraud or misrepresentation.

**4. Landlord and Tenant § 15c—**

The fact that lessor suffered no damage by failure of lessee to give notice of intention to renew within the time stipulated in the lease does not constitute a waiver nor supply the requirement of notice as prescribed in the contract.

**5. Public Officers § 3—**

Public officers leasing public property may not waive a provision of the lease under which the lease may be terminated when the property may be leased to others for a higher rental.

**6. Landlord and Tenant § 2—**

By agreeing to a sublease of the property stipulating that the sublease should not in any way alter the terms of the lease, the landlord reserves his rights under the lease, and his agreement to the sublease cannot constitute a waiver by him of any of its terms.

**7. Injunctions § 2—Injunction will not lie in favor of lessee to prevent lessor from interfering with possession or from leasing to another.**

Injunction will not lie at the instance of a lessee to enjoin lessor from leasing the property to another or to enjoin lessor from interfering with

OIL CO. *v.* MECKLENBURG COUNTY.

lessee's possession, since, if lessee has not forfeited his lease, another lease by the owners to a third person could not affect his rights under his lease, and since lessee can set up all rights under the lease in any action in ejectment lessor might institute, and has therefore an adequate remedy at law.

APPEAL by plaintiff from *Rousseau, J.,* at March Regular Civil Term, 1937, of MECKLENBURG. Affirmed.

This is a civil action instituted by the plaintiff against the defendants, in which the plaintiff seeks to enjoin and restrain the defendant from: "(a) Executing or delivering any lease agreement for or to Myers Automobile Service Company, or any other person, covering the premises described in the complaint, or (b) instituting evictment or ejectment proceedings, or any other action, against Merchants Oil Company, or (c) doing any other act or thing whatsoever in any way interfering with the occupation, use and enjoyment by the plaintiff of the premises described in the complaint, or (d) in any way or manner interfering with the operation of plaintiff's business on the premises described in the complaint."

At the time of the institution of the action a temporary restraining order and notice to show cause was issued. Upon the hearing on the notice to show cause why the restraining order should not be continued until the hearing, judgment was entered denying plaintiff's prayer for injunction and dissolving the temporary restraining order. The plaintiff excepted and appealed.

*Fred B. Helms and Wm. F. Mulliss for plaintiff, appellant.*
*Henry E. Fisher and J. Clyde Stancill for defendants, appellees.*

BARNHILL, J. On 7 January, 1935, Mecklenburg County leased to the plaintiff the old courthouse lot in the city of Charlotte, located at the southeastern intersection of South Tryon and East Third Streets, for a period of two years for the sum of $10,200, payable in monthly installments of $425.00 each. The lease contained a provision granting to the lessee the option to renew said lease for an additional term of three years, beginning 1 February, 1937, provided and on condition that the lessee shall notify the lessor of its election to so renew said lease by delivering a written notice to that effect, executed in its behalf by its president and its secretary and with its corporate seal affixed thereto, to the chairman or clerk of the board of commissioners of said county, at the courthouse on or before 30 November, 1936, such notice to constitute an agreement on the part of the lessee to pay to the lessor the rental for such additional term and to perform all the obligations upon the part

of the lessee as set forth in the lease. For the additional term the lessees were to pay the sum of $16,200 in monthly installments of $450.00 each.

On 23 August, 1936, the plaintiff subleased said premises to the Sinclair Refining Company for a period of one year. In compliance with the requirement of the Sinclair Oil Company the plaintiff procured the landowner's consent to said sublease in the following words: "The undersigned, owner (herein referred to in the singular number whether one or more) of the premises hereinabove described, hereby consents to the subletting of same in accordance with the above and foregoing agreement. It is understood that nothing contained herein shall in any way alter the lease between Mecklenburg County and the Merchants Oil Company."

The plaintiff failed and neglected to give notice to the defendant that it desired to exercise its option to renew its lease for an additional period of three years, as stipulated in its contract. This was a condition precedent and the plaintiff thereby lost its right to extend the lease. *Rountree v. Cohn-Bock Co.,* 158 N. C., 153; *Bateman v. Lumber Co.,* 154 N. C., 248; 2 Story, Eq. Juris., secs. 1302, 1306; *Donovan v. Niles,* 246 Mass., 106. Such notice, dated 15 December, 1936, was delivered to the defendant on or about 24 December, 1936. This, however, was not executed in strict compliance with the terms of the lease and in no event meets the requirements of the contract.

The plaintiff having failed to renew its lease as provided in its contract, the defendants gave the plaintiff notice to vacate said premises and advertised for bids thereon, and thereafter leased said premises to the Myers Automobile Service Company for a term of two years at the rental of $18,060, payable in monthly installments of $752.50. This lease contained an option agreement to renew for a period of three years for the sum of $27,954, payable in monthly installments of $776.50 each. This lease likewise provides that it is to become effective when the lessee is put in possession of the leased premises.

There is much evidence in the record in respect to conversations between agents of the plaintiff and the individual defendants and as to statements made prior to the execution of the lease to the plaintiff. These conversations, statements and negotiations culminated in a written contract, and the plaintiff is bound by the written word. The plaintiff also undertook to show that the lease was prepared by counsel for the defendants, but there is no evidence or suggestion that plaintiff's signature thereto was obtained by fraud or misrepresentation. It must now abide by the terms of its contract. The plaintiff likewise undertook to show and offered evidence to the effect that the defendants have suffered no damage by reason of plaintiff's failure to give the notice required in its lease. Even so, this would not constitute a waiver of the

terms of the contract, nor supply the requirement of the notice of plaintiff's intention and desire to exercise its option. It is well to note, however, that if the individual defendants, who occupy positions of trust, should seek to evade the provisions of this contract, or willingly forego the rights of the county thereunder, they would thereby continue the plaintiff in possession of the premises at a rental of $450.00 per month, when they now have a lease for said premises at $752.50 per month. The defendants have no right in the discharge of their official duties to so deal with public property.

The facts were fully found by the court below and the facts found are supported by plenary evidence. As to the lease, the court found that the plaintiff did not give written notice in compliance with the lease agreement, and that the defendants did not at any time waive the giving of such notice. Upon the facts found and the conclusions of law arrived at thereon, the court was of the opinion that the plaintiff has an adequate remedy at law and is not entitled to a continuance of the restraining order until the hearing of the case on its merits. In this we must concur.

All the evidence seems to be to the effect that the notice was not given as required by the lease. There is no evidence of any waiver of said notice by the defendants. In the landowner's consent signed by the chairman of the board of commissioners of the defendant county, it is provided: "It is understood that nothing contained herein shall in any way alter the lease between Mecklenburg County and the Merchants Oil Company." This is a reservation of rights and not a waiver.

If there had been no forfeiture of the lease, as asserted by the plaintiff, the plaintiff could have set up all the matters alleged in his complaint in defense to any action of ejectment the defendants might institute. If it had a valid lease the execution of another lease by the defendants to a third party would not affect plaintiff's rights. It is a well established rule of law that where a party has an adequate remedy at law a court of equity will not intervene in his behalf.

Whether the plaintiff, by instituting this action and having the facts found against it, has lost its right to set up any defense to an action in ejectment is a question not now before us for decision.

The assignments of error by the plaintiff are without merit. The judgment below is

Affirmed.