ELM & GREENE STREETS REALTY COMPANY v. JAMES DEMETRELIS, Successor to JAMES DEMETRELIS and THEMIS DEMETRELIS, Trading as THE GREENSBORO HOTEL.

(Filed 2 February, 1938.)

**1. Landlord and Tenant § 15c—Notice of intention to renew must be given as required by lease, as time is of the essence.**

When a lease provides that lessee may renew the lease at its expiration for a stipulated period at the same rental upon giving notice of intention to so renew six months before the termination of the lease, the lessee looses all right under the extension agreement by failing to give notice within the time stipulated, time being of the essence of the option to renew.

**2. Landlord and Tenant § 19—When lease terminates by its own terms on specified date, landlord is not required to give notice.**

The lease in question terminated upon a specified date according to its own terms, but contained an extension agreement permitting lessee to renew for a specified term upon giving notice six months before termination and providing that upon failure of notice lessor should have the "right and privilege of declaring this contract terminated." *Held:* Upon failure of lessee to avail himself of the extension agreement, the lease terminated upon the date provided therein, and lessor was not obligated to take action or give notice of such termination.

**3. Landlord and Tenant § 15c—Acceptance of sums after expiration of lease held not to waive notice required under renewal agreement.**

The lease in question terminated by its own terms upon a specified date, but gave lessee option to renew upon giving notice six months prior to such date. Lessee failed to give the required notice of intention to renew, but lessor accepted sums monthly, in the same amount received as rent under a modification of the lease, for several months after the date specified in the lease for its termination. *Held:* The acceptance of such sums does not constitute a waiver by lessor of the notice of intention to renew, required of lessee under the extension agreement, since lessor was entitled to recover damages for the occupation of the premises after the termination of the lease and might accept in payment thereof the sums voluntarily paid by lessee.

**4. Ejectment § 6—**

When lessee claims right of possession solely upon a certain lease, and denies all other leases and tenancies, a directed verdict in lessor's favor in his action in summary ejectment is proper when the lease relied on by lessee had terminated according to its terms prior to the institution of the action.

**5. Appeal and Error § 39d—**

The court's rulings upon the evidence cannot be held prejudicial upon appellant's exceptions when rulings in accord with appellant's contentions could not change the result of the trial.

APPEAL by defendant from *Armstrong, J.,* at May Term, 1937, of GUILFORD. No error.

*Brooks, McLendon & Holderness for plaintiff, appellee.*
*Younce & Younce for defendant, appellant.*

SCHENCK, J. This is an action in summary ejectment heard in the municipal court of the city of Greensboro and upon appeal therefrom tried *de novo* in the Superior Court of Guilford County.

The defendant claims the right of possession of certain hotel property in the city of Greensboro by virtue of a written lease entered into on 27 February, 1925, by the Huntley-Stockton-Hill Company, as lessor, and the partnership of Demetrelis Brothers, composed of James Demetrelis and Themis Demetrelis, as lessees. The plaintiff Elm & Greene Streets Realty Company is the successor in title to the original lessor, and is the present owner of the premises. The defendant James Demetrelis is the surviving partner of the original lessees, the other partner, Themis Demetrelis, being dead.

The lease contains the following:

"It is mutually agreed:

"First. That this lease shall be for a period of ten (10) years, with the privilege of renewing for an additional five (5) years on such terms as are hereinafter set out.

.        .        .        .        .        .        .

"Eleventh. If the lessees wish to avail themselves of an extension for another five (5) years at the rent hereinafter provided for, then and in that event it is specifically agreed that the lessees must, and they are hereby required to give the lessor a written notice of their intention and purpose to avail themselves of renewal or extension rights, said notice must be sent by registered mail and addressed to the owner of said building, at Greensboro, N. C., at least six (6) months before the expiration of the ten (10) year period covered by this lease; and the failure on the part of the lessees to give this written registered mail notice to the owner of said building shall, and does hereby give the lessor the right

and privilege of declaring this contract terminated at the end of the ten (10) years. If, however, said written, registered mail notice is given to the owner of said building six (6) months prior to the expiration of the ten (10) year period, and if in said notice the said lessees ask for a renewal covering a period of five (5) years as herein contemplated, then and in that event the lessees may have an extension of five (5) years, making fifteen (15) years in all, at the same rate, or $700.00 per month, as per terms heretofore set out."

It is admitted that neither the defendant nor his deceased partner has ever given to the plaintiff any written notice of their intention or purpose to avail themselves of renewal or extension rights. It is also admitted that the plaintiff gave no notice to the defendant, or his deceased partner, on 27 February, 1935, of the termination of the lease.

There is evidence tending to show that prior to 27 February, 1935, by mutual agreement, the monthly rental was lowered and raised from time to time as business was good or bad, and that the defendant has remained in possession of the premises since 27 February, 1935, and has paid during a portion of this time $400.00 per month and the remaining time $500.00 per month, which has been accepted by the plaintiff.

On 16 January, 1937, the plaintiff gave the defendant notice to quit possession on 1 March, 1937, and upon failure of the defendant so to do, plaintiff instituted this action on 2 March, 1937.

The trial judge instructed the jury, in effect, that if they found the facts to be as shown by all of the evidence, they should answer the first issue in the affirmative, thereby finding that the plaintiff was the owner and entitled to the immediate possession of the premises. This instruction is the subject of defendant's principal exceptive assignment of error.

It is the contention of the appellant, first, that it was necessary under the renewal or extension clause of the lease for the plaintiff to have given the defendant notice of the termination of the lease on 27 February, 1935, and the failure to give such notice was a waiver of the right to terminate the lease at that time. With this contention we cannot agree. A reading of the lease clearly indicates that it was for a period of ten years from 27 February, 1925, with an option in the lessees for a renewal or extension for five years, the exercise of said option to be signified by notice from the lessees to the lessor in a certain manner "six months before the expiration of the ten-year period covered by this lease." Time was of the essence of this option and the lessees not having availed themselves thereof within the time fixed lost the opportunity to do so. *Oil Co. v. Mecklenburg County,* 212 N. C., 642, and cases there cited.

While the extension clause of the lease gives to the lessor, upon failure of notice from the lessee, "the right and privilege of declaring this contract terminated at the end of the ten years," we do not concur in the

contention of the defendant that any action on the part of the lessor was thereby rendered necessary to terminate the lease, since the lease by the force of its own terms terminated at the expiration of ten years in the absence of any notice from the lessees of their desire to avail themselves of the extension privilege.

It is further contended by the defendant that the payment by him after 27 February, 1935, of $400.00 per month until June, 1936, and $500.00 per month from then until the time of the trial, and the acceptance of these payments by the plaintiff constituted a waiver of the notice required by the renewal or extension clause of the lease. With this contention we cannot concur. Upon the expiration of the lease on 27 February, 1935, the plaintiff was entitled to recover damages for the occupation of the premises thereafter, and therefore it could receive payment for such occupation voluntarily without the effect of continuing the lease. *Vanderford v. Foreman,* 129 N. C., 217; *Mauney v. Norvell,* 179 N. C., 628.

The defendant claims the right of possession solely upon the lease of 27 February, 1925, and denies the contention of the plaintiff that he is occupying the premises under a subsequent lease of from month to month or at sufferance. Since the lease under which he claims expired by its own terms on 27 February, 1935, the instruction of his Honor, upon which defendant bases his exception, was correct.

We have examined the exceptions reserved to the rulings of the court upon certain evidence and find no prejudicial errors therein. Rulings in accord with defendant's contentions could not have changed the result of the trial.

The judgment of the Superior Court that the plaintiff is the owner and entitled to the immediate possession of the premises and that it recover of the defendant the amount agreed upon by the parties and costs of the action is affirmed, since on the record we find

No error.