MRS. PATTIE W. CHERRY v. E. L. WHITEHURST.

(Filed 18 October, 1939.)

1. **Actions § 9—**

   An action is commenced when the summons is issued against defendant, C. S., 404.

2. **Actions § 8—**

   A civil action is commenced by issuing a summons, C. S., 475.

3. **Actions § 9—Determination of date summons is issued.**

   Ordinarily, summons is issued and the action is pending from the time summons leaves the hands of the clerk or the justice of the peace for service, but when summons leaves the hands of the justice of the peace two days prior to its date under instructions that it should not be served until its date, and it is actually served on its date, the summons does not leave the control of the justice of the peace for the purpose of service until the date of the summons, and the action is not instituted until that date.

4. **Ejectment § 3—**

   *Held:* In this action in summary ejectment, summons did not leave the control of the justice of the peace for the purpose of service until the second day after the termination of defendant's lease, and therefore

defendant's motion to dismiss on the ground that the action was instituted prior to the termination of his term and the accrual of the cause of action, was properly denied.

**5. Landlord and Tenant § 5—**

Where a tenant holds over and the landlord continues to recognize the relationship after the expiration of the tenant's lease for a year or longer, the tenant becomes a tenant from year to year, in the absence of qualifying facts or circumstances, which tenancy continues under the same terms and stipulations as contained in the original lease as far as they may apply.

**6. Landlord and Tenant § 19—C. S., 2354, does not preclude the parties from making a different agreement as to notice of intention to terminate tenancy.**

C. S., 2354, requiring one month's notice before the expiration of the term to terminate a tenancy from year to year does not preclude the parties from making a different agreement between themselves, and where a tenant in an action in ejectment contends that the parties agreed that notice of intention to terminate the lease should be given six and one-half months prior to the expiration of the term, and that the landlord did not give notice as required by the agreement, the exclusion of the tenant's evidence of such agreement is error.

DEVIN and BARNHILL, JJ., dissent.

APPEAL by defendant from *Carr, J.*, at February Term, 1939, of PASQUOTANK. New trial.

*Robert B. Lowry and John H. Hall for plaintiff, appellee.*
*Henry LeRoy and M. B. Simpson for defendant, appellant.*

SCHENCK, J. This is an action in summary ejectment instituted before a justice of the peace under C. S., 2365 *et seq.*, wherein the plaintiff alleges that the defendant was her tenant in possession of her real estate and holds over after his term has expired, heard *de novo* in the Superior Court upon defendant's appeal.

The evidence tended to show that the defendant was the lessee of the plaintiff under a verbal lease from year to year, from the year 1929; that the term was from 1 January to 31 December of each year.

The defendant contends that the action should have been dismissed for the reason that it appears it was commenced on 31 December, 1938, before the expiration of the term, and therefore before the cause of action accrued, and preserved exception to denial of the court of his motion for dismissal. Plaintiff denies that it appears that the action was commenced on 31 December, 1938, and contends that it was commenced on 2 January, 1939, and that defendant's motion for dismissal was properly denied.

CHERRY *v.* WHITEHURST.

All of the evidence upon the motion for dismissal tends to show that the summons was dated 2 January, 1939, although signed and delivered to plaintiff's husband by the justice of the peace on Saturday evening, 31 December, 1938, and by said husband delivered to the constable on 31 December, 1938, but at the time of the delivery of the summons to the husband of the plaintiff by the justice of the peace the justice instructed the husband that the summons was not to be served before its date, 2 January, 1939, and that said husband instructed the constable at the time he (husband) delivered the summons to him (constable) that it was not to be served before its date, 2 January, 1939; and that at the time the husband of the plaintiff and the constable received the summons they both knew and understood that it was not to be served before its date, 2 January, 1939; and that the summons was actually served on 2 January, 1939.

An action is commenced when the summons is issued against the defendant, C. S., 404, and a civil action is commenced by issuing a summons, C. S., 475. So the question presented is when was the summons issued in this action, on 31 December, 1938, or on 2 January, 1939. If on the former date, the defendant's motion to dismiss should have been granted; if on the latter date, the motion should have been denied.

*Stacy, C. J.,* in *Morrison v. Lewis,* 197 N. C., 79, says: "The rationale of our decisions on the subject seems to be that when a summons passes out of the hands of the clerk for service, whether delivered directly to the sheriff or to another for him, and is duly served on or before the day fixed for its return, nothing else appearing, the action is regarded as pending from the time the summons left the clerk's office, under his sanction and authority, for the purpose of being served."

It will be noted that it is said, "nothing else appearing, the action is regarded as pending from the time summons left the clerk's office . . . for the purpose of being served." In the instant case something else appears, namely, that the summons was dated two days later than the day it left the justice's hands, and that the justice instructed the recipient of the summons, who in turn instructed the constable, to whom the summons was delivered for service, that it was not to be served before its date, and that such instructions were understood and observed by all parties involved. We think that while the summons physically left the hands of the justice on 31 December, 1938, it did not leave his control "for the purpose of being served" until 2 January, 1939. We, therefore, concur in his Honor's ruling in denying the motion to dismiss.

The defendant offered in evidence his own testimony, corroborated by the testimony of his wife, tending to show that in 1929 there was an agreement between him and the plaintiff to the effect that the plaintiff was to give the defendant notice not later than 15 June if she (plaintiff)

wanted the property the following year, and that this agreement continued on through the subsequent years, and that the plaintiff first gave the defendant notice that she wanted the property in 1939 on 31 July, 1938. The court sustained the plaintiff's objection to this evidence, and the defendant preserved exception. We think, and so hold, that this exception is well taken.

While it is true that when a tenant for a year or a longer time holds over after his lease expires and is recognized as a tenant by the landlord after such expiration, without qualifying facts or circumstances, he becomes a tenant from year to year, *Murrill v. Palmer,* 164 N. C., 50, and, nothing else appearing, such tenancy may be terminated by notice to quit given one month or more before the end of the current year of tenancy, C. S., 2354. However, this provision of the statute does not prevent the parties to a lease from year to year agreeing to a different time for the giving of the notice to quit, nor from showing that such an agreement existed. The statute does not exclude the rights of the parties to stipulate differently from its provisions, which are only permissive.

"He (landlord) may treat his tenant, who holds over, as a trespasser, and eject him, or he may recognize him as tenant; but when such recognition has been made, a presumption arises of a tenancy from year to year, and as stated, *under the terms and stipulations of the lease* as far as the same may apply. *Murrill v. Palmer, supra.*

There must be a

New trial.

DEVIN and BARNHILL, JJ., dissent.