H. H. DUKE AND WIFE, NETTIE C. DUKE, v. L. L. DAVENPORT AND LOUIS L. DAVENPORT, JR.

(Filed 29 September, 1954.)

**1. Landlord and Tenant § 16—**

Upon the expiration of a lease for a term of years without request for renewal by lessees in the manner provided in the lease, lessors have the right to treat their lessees as trespassers and may bring an action for their eviction without notice.

**2. Landlord and Tenant § 18—**

Where, upon the expiration of a lease for a term of years without request by lessees for renewal in the manner provided in the lease, the lessees hold

over and continue to pay the rent monthly in the amount stipulated in the lease, which payment is accepted by lessors, the tenancy is presumed to be one from year to year.

**3. Same—**

The presumption of a tenancy from year to year arising upon the holding over by lessees after the expiration of the lease for a term of years without request for renewal in the manner provided in the lease, is a rebuttable presumption. But in the present case the trial court found that neither lessors nor lessees had any understanding as to the future occupancy after the termination of the lease, and such finding negatives any agreement or understanding that might rebut the presumption.

**4. Same—**

Where tenants for years hold over after the expiration of the lease without request for renewal by written notice 30 days prior to the expiration of the term in accordance with the lease, and lessors thereafter accept monthly rent in the amount stipulated in the lease, the character of the tenancy becomes fixed as that of a tenancy from year to year, and lessees cannot exercise the option for renewal by giving written notice subsequent to the termination of the period of the lease.

APPEAL by defendants from *Fountain, Special Judge,* June Term, 1954, of EDGECOMBE.

This is an action in summary ejectment instituted and tried before a justice of the peace. Judgment was rendered in favor of the plaintiffs and against the defendants for the possession of the property in controversy. Appeal was duly taken to the Superior Court of Edgecombe County and when the matter came on to be heard, the parties waived trial by jury and agreed in open court that his Honor should hear the evidence, find the facts, state his conclusions of law, and render judgment thereon.

The facts found by the court below pertinent to the appeal are summarily stated as follows:

1. The plaintiffs are the owners by the entirety of the property in controversy, being Lot No. 1, Block B, Edgecombe Terrace, known as 501 Raleigh Street, Rocky Mount, North Carolina.

2. That the defendants went into possession of the property on 1 January, 1947, by virtue of and under the terms of a lease executed by the plaintiffs to the defendants dated 29 November, 1946, and duly recorded.

3. That by the terms of the lease it ran for a period of five years, from 1 January, 1947, to 1 January, 1952, with an option to the lessees to extend the lease on the same terms and conditions for an additional fifteen years or any part thereof, from the expiration of the first five years, by giving written notice to the lessors thirty days prior to the expiration of the first five years, which notice shall specifically state the additional term for which the option is exercised.

4. The defendants have been in possession of the premises since 1 January, 1947, and gave no notice as provided in the lease of their intention to extend the lease for any term in addition to the first five years.

5. That neither plaintiffs nor defendants had any understanding as to the future occupancy of the premises after 1 January, 1952, but defendants continued to pay the same amount each month as was provided in the lease should be paid as rent, to wit: $125.00 per month.

6. That on 26 January, 1954, the plaintiff H. H. Duke verbally notified the defendants that the plaintiffs wanted possession of the property on 1 April, 1954, and that if the defendants did not vacate the premises by that time the rent thereafter would be $250.00 per month.

7. That on 4 February, 1954, the defendants gave plaintiffs written notice that they would exercise the option to extend the term of the lease for the remainder of the fifteen years.

8. That on 12 February, 1954, the plaintiffs gave the defendants written notice to vacate the premises on or before 28 February, 1954.

9. That the payments to be made by the defendants of $125.00 were paid each month and accepted by the plaintiffs through February, 1954, each payment having been made by check and marked "rent." Since that time the monthly payments of $125.00 have been made and accepted, by agreement, without prejudice to either of the parties.

Upon the foregoing findings of fact, the court concluded as a matter of law: (1) that the defendants have been in possession of the plaintiffs' premises from 1 January, 1952, until and through 28 February, 1954, as tenants at will; (2) that since 28 February, 1954, the defendants' possession has been wrongful and the plaintiffs are entitled to the immediate possession of their premises; (3) that the plaintiffs have not waived any rights to written notice as provided in the lease; and (4) that the plaintiffs were entitled to accept and receive the payments made to them by the defendants up to and including 1 February, 1954, as damages for the possession of the premises.

Judgment was entered accordingly and the defendants appeal, assigning error.

*Thorp & Thorp for appellees.*
*Davenport & Davenport for appellants.*

DENNY, J. The defendants challenge the correctness of the court's conclusion of law to the effect that when the defendants failed to exercise their option to extend the lease for an additional fifteen years or any part thereof, from the expiration of the first five years, by giving notice as required by the lease, but held over, they became and remained tenants at

will until 28 February, 1954, and that their occupancy since that time has been wrongful.

The plaintiffs argue and seriously contend that the judgment below should be affirmed on authority of *Vanderford v. Foreman,* 129 N.C. 217, 39 S.E. 839; *Oil Co. v. Mecklenburg County,* 212 N.C. 642, 194 S.E. 114, and *Realty Co. v. Demetrelis,* 213 N.C. 52, 194 S.E. 897.

In the case of *Vanderford v. Foreman, supra,* the lease had expired on 31 December, 1899. Demand for possession and notice to vacate had been properly given and an action for possession instituted. A substantial amount of rent accrued after the expiration of the lease and before the final disposition of the action. In the meantime, the defendant tendered a smaller sum than was due for rent, subject to certain conditions, not pertinent here, and the plaintiff accepted the tender. Whereupon, the defendant contended that the acceptance of rent converted the tenancy into one from year to year. The Court held otherwise, but stated there would be force in this contention, "if there had not been served in proper time a notice upon the defendants to vacate the premises and deliver the possession at the end of the term."

The pertinent facts in *Oil Co. v. Mecklenburg County, supra,* were as follows: Mecklenburg County, on 7 January, 1935, leased to the plaintiff the old courthouse lot in the City of Charlotte for a period of two years beginning 1 February, 1935, at a stipulated annual rental, payable monthly. The lease contained a provision granting to the lessee the option to renew such lease for an additional term of three years, beginning 1 February, 1937, provided and on condition that the lessee should notify the lessor of its election to renew the lease, and prescribed the manner in which the notice was to be given and requiring such notice to be given on or before 30 November, 1936. The lessee failed to give the notice to the defendant in the manner and within the time specified in the lease, but did notify the defendant on 24 December, 1936, that it desired to exercise its option to renew.

The lessee having failed to renew the lease as provided in the contract, the lessor gave it notice to vacate the premises and advertised for bids thereon. The plaintiff instituted the action to restrain Mecklenburg County from executing a lease to a new tenant. A temporary restraining order and notice to show cause was issued. Upon the hearing on the notice to show cause why the restraining order should not be continued until the hearing, judgment was entered dissolving the temporary restraining order. Upon appeal to this Court the ruling of the court below was affirmed.

The *Demetrelis case* involved a rather unusual factual situation. The defendant leased certain hotel property on 27 February, 1925, for a period of ten years at a monthly rental of $700.00. The lease contained

an option for its renewal for an additional five years provided the lessee, at least six months before the expiration of the ten-year period covered by the lease, gave notice by registered mail to the owner of the hotel of the lessee's intention to extend or renew the lease. No notice was given during the ten years or later. During the ten-year period the rental was lowered and raised from time to time "as business was good or bad." This same practice was continued after the expiration of the ten-year lease. On 16 January, 1937, the plaintiff gave the defendant notice to vacate the premises on 1 March, 1937.

On the above facts, the defendant contended that the payment of rent and the acceptance thereof until the institution of the action, constituted a waiver of the notice required by the renewal or extension clause of the lease, and that his lease had been extended for an additional five years. The lower court held that the lease had not been so extended, and upon appeal the ruling was upheld. This Court said: "Upon the expiration of the lease on 27 February, 1935, the plaintiff was entitled to recover damages for the occupation of the premises thereafter, and therefore it could receive payment for such occupation voluntarily without the effect of continuing the lease. *Vanderford v. Foreman,* 129 N.C. 217; *Mauney v. Norvell,* 179 N.C. 628."

We call attention to the fact that the plaintiff in the *Demetrelis case* contended that after the expiration of the lease the defendant was a tenant from month to month, or at sufferance. Presumably this contention was based on the fact that the amount of the monthly rental was constantly changing. Be that as it may, it gave the statutory notice to quit in compliance with that required for a tenancy from year to year. Therefore, when this Court upheld the ruling of the lower court to the effect that there had been no renewal or extension of the lease, it was immaterial on the facts before the court whether the tenancy was from year to year, month to month, at will, or sufferance.

The above cases are not controlling on the findings of fact as set forth in the record now before us.

When the lease under consideration expired according to its terms, and no request for renewal having been made in the manner provided in the lease, the plaintiffs had the right to treat the defendants as trespassers and to bring an action for their eviction without notice. *Murrill v. Palmer,* 164 N.C. 50, 80 S.E. 55; 32 Am. Jur., Landlord and Tenant, section 919, page 779, and section 952, page 803; 51 C.J.S., Landlord and Tenant, section 74 (a), page 623; Tiffany on Real Property (3rd Ed.), Vol. 1, section 175, page 281. But, when the plaintiffs permitted the defendants to remain as tenants and accepted the $125.00 per month as rent for more than two years, without any understanding as to the character of the occupancy, the tenancy is presumed to be one from year

to year. *Harty v. Harris,* 120 N.C. 408, 27 S.E. 90; *Holton v. Andrews,* 151 N.C. 340, 66 S.E. 212; *Murrill v. Palmer, supra; Cherry v. Whitehurst,* 216 N.C. 340, 4 S.E. 2d 900; *Sinclair Ref. Co. v. Shakespeare,* 115 Colo. 520, 175 P. 2d 389, 171 A.L.R. 1058; 32 Am. Jur., Landlord and Tenant, section 942, page 793, *et seq.;* Tiffany on Real Property (3rd Ed.), Vol. 1, section 183, page 293, *et seq.;* Thompson on Real Property, Permanent Edition, Vol. 3, section 1037, page 40, and section 1017, page 2 in the supplement thereto.

We think the law applicable to the facts in this case was stated by *Hoke, J.,* in speaking for the Court in *Murrill v. Palmer, supra,* in which he said: "It is a principle fully recognized, and not infrequently applied in this State, that when a tenant for a year or a longer time holds over and is recognized as tenant by the landlord, without further agreement or other qualifying facts or circumstances, he becomes tenant from year to year, and subject to the payment of the rent and other stipulations of the lease as far as the same may be applied to existent conditions. . . .

"The position, in the first instance, is at the option of the landlord. He may treat his tenant, who holds over, as a trespasser, and eject him, or he may recognize him as tenant; but when such recognition has been made, a presumption arises of a tenancy from year to year, and as stated, under the terms and stipulations of the lease as far as the same may apply. This is a rebuttable presumption, which may be overcome by proper and sufficient proof. When there is testimony permitting the inquiry, it is usually a question of intent—an intent, however, which under some circumstances may be inferred from conduct and in direct opposition to the express declaration of one or the other of the parties."

As pointed out by *Justice Hoke* in the above case, the presumption that a tenancy is from year to year is rebuttable, but in this case the finding of fact as set out hereinabove in paragraph five, negatives any agreement or understanding by the parties that might rebut the presumption that the tenancy under consideration is one other than that from year to year. Hence, we hold that the present tenancy of the defendants is one from year to year.

The contention of the defendants that by giving notice on 4 February, 1954, that they would exercise the option to extend the lease for the remainder of the fifteen years, extended the lease for that period, is without merit. *Oil Co. v. Mecklenburg County, supra;* 32 Am. Jur., Landlord and Tenant, section 978, page 821, and section 979, page 821, *et seq.* When the defendants failed to exercise their option to extend the lease as provided therein, but held over, and the plaintiffs recognized them as tenants and continued to accept the rent unconditionally, the character of the tenancy became fixed and may not be terminated except by mutual consent, surrender at the end of a tenancy year, or by notice to quit, given

one month or more before the end of the current year of the tenancy. G.S. 42-14; *Cherry v. Whitehurst, supra*. As to forfeiture upon the failure to pay rent, see G.S. 42-3.

The judgment of the court below is reversed and this cause remanded for judgment in accord with this opinion.

Reversed and remanded.