842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WINN-DIXIE CHARLOTTE, INC.
v.
FEDERAL REALTY INVESTMENT TRUST; Connecticut General Life
Insurance Co.; Robert E. Perry, Trustee; B.D.
Farmer, III, Trustee, Defendants-Appellees.
 No. 87-3157.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 17, 1988.
Decided March 9, 1988.
 
 Jeffery M. Guller for appellant.
 Kiran H. Mehta, Kennedy, Covington, Lobdell & Hickman for appellees.
 Before ERVIN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Winn-Dixie Charlotte, Inc., appeals the district court's order granting summary judgment in favor of Federal Realty Investment Trust, Connecticut General Life Insurance Company, Robert E. Perry, and B.D. Farmer, III. We affirm.
 
 
 2
 Winn-Dixie was a tenant of Federal. The lease granted Winn-Dixie the option to renew the lease for a five-year period but stated that "[s]uch option ... may be exercised by the Tenant giving to the Landlord a notice in writing at least six (6) months before the expiration of the initial term...." Winn-Dixie inadvertently did not notify Federal that it intended to renew the lease until approximately five and one half months before the expiration date of the lease's initial term. Federal informed Winn-Dixie that its notice did not comply with the terms of the lease and that the lease would therefore terminate at the end of its initial term. Winn-Dixie sued, seeking a declaration that its notice to Federal was sufficient to renew the lease and an injunction prohibiting Federal from ejecting it from the property.
 
 
 3
 The district court properly held that Federal was acting within its rights under North Carolina law when it refused to renew the lease. "The giving of notice to extend a lease in accordance with the terms of the lease is a condition precedent to extension of the lease." Wachovia Bank & Trust Co. v. Rubish, 306 N.C. 417, 415, 293 S.E.2d 749, 754 (1982). See also Merchants Oil Co. v. Mecklenburg County, 212 N.C. 642, 194 S.E. 114 (1937). We affirm on the reasoning of the district court. Winn-Dixie Charlotte, Inc. v. Federal Realty Investment Trust, C/A No. 87-319-P (W.D.N.C. Sept. 10, 1987). We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 4
 AFFIRMED.