Battle, J.
 

 A tenancy from year to year is a species of term for years, from which, however, it is distinguished, inasmuch as the duration of the term is not limited. It is distinguished from a tenancy at will, inasmuch as it is raised only by construction of law as a substitute for an -estate at will; therefore, although
 
 prima facie,
 
 all leases for uncertain terms create a tenancy at will, Courts of Law have for a long time construed such leases to constitute a tenancy from year to year, especially where an annual rent is reserved. Thus, where land was leased to A for a year, and so from year to year as long as both parties should agree ; so, a general parol demise at an annual rent; so, where the occupier, under an agreement for a lease at a certain rent, pays the rent; so, where a tenant for life, under a limited power of leasing, granted a lease exceeding his power, but the remainder-man
 
 *52
 
 accepted the rent; so, a tenant who holds over after his term has expired and the lessor accepts rent; so, a parol demise for a longer term than three years, which is void by the statute of frauds. 2 Crabb on Beal Estate, 416, 417, (55 Law Lib. 265, 266.) All these are cases where the law will, by implication, raise a tenancy from year to year ; and it will be seen, that in them all, there is a reference to an annual occupation of the premises and a corresponding payment of rent. The mode of determining this tenancy by a notice to quit, is what properly distinguishes it from an estate at will; for, although this latter estate cannot, as a rule, be determined with-, out a demand of possession, yet, this is for the most part all that is necessary ; though there are cases still occurring, where the estate is so strictly at will, that even a demand of possession is not required. 2 Crabb on Beal Estate, 418.
 

 A tenancy from year to year can be put an end to, only by either party’s giving a regular notice to quit, which must be given half a year previous to the exjtiration of the current year of tenancy, so as to expire at the period of the year at which the tenancy was commenced. Ibid, 423. Tenancies from year to year do not determine by the death of the tenant, but devolve on his personal representative, who must have half a year’s notice to quit. 1 Cruise’s Dig. Tit. Estate at will, page 285 ;
 
 Poe
 
 v. Porter, 3 Term R. 13.
 

 Such being a tenancy from year to year, we shall loot in vain for any thing in the testimony set out in the bill of exceptions, which shows, or has a tendency to show, that it existed in the present case. ^ Neither of the plaintiff’s witnesses says a word about a lease, an annual occupation, or the payment of an annual rent. One of them does indeed state that Herring (who then owned the land, and from whom the defendant soon afterwards purchased it,) complained that the plaintiff had not paid him “the rent which he had agreed to paybut this, we soon afterwards learn, was not for the occupation of the land, but for wood which Herring had permitted. him to cut at twenty-five cents per cord; and then, upon his paying seven dollars, Herring told him he might cut
 
 *53
 
 as long as he chose upon the same terms. This agreement certainly did not constitute a lease for a year, or a tenancy from year to year, even of the trees which were to be cut into wood. No particxxlar time is nxentioxxed at which it had commenced, or was to commence. There was no reference to a year, or a number of years, for its coxxtinuance, or for the payment of an
 
 annual
 
 rent. It did not seem to be contemplated that the plaintiff should be compelled to continue the business, until he had givexx half a year’s notice of his ixxtention to quit; axxd we can hardly think that he had sxxch an interest as would, xxpon his death, have devolved on his executor or administratoi\ In the absence of these qualities, the agreement between Hex-ring and the plaintiff, could xiot create a tenancy from year to year. If this be so, the purchase of the land by the defendant did xiot alter the nature of the transaction. At most it was but a tenancy at will of the trees, and such portion of the laxxd as was necessary to exxable him to cut them ; and it may well be doxxbted whether it was axxy thing more than
 
 “
 
 a xnex’e personal contract, xxot attaching to the land, or passing, or intending to pass, any estate in it, but resting entirely ixx contract.” See
 
 Mhoon
 
 v. Drizzle,
 
 3
 
 Dev. Rep. 414. It is sufficient for us to say, that it was not a case of tenancy from year to year; which pxxts axx end to the actioxx, without reference to any other question. The judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 

 Judgment reversed.