C. J. SCHEELKY v. W. F. KOCH.

*Action for Breach of Contract—Landlord and Tenant— Lease—Surrender of Lease by Lessee—Re-renting by Lessor.*

1. A lessee for a year, with privilege of renewal for a year, who occupies the premises and pays rent therefor for a month into the second year, and then vacates with no understanding that the lease shall be cancelled, is bound for the second year's rental.

2. If, in such case, the lessor re-rents the premises to another tenant for a less price than the original lessee contracted to pay, he may recover from the latter the difference between such price and what the original lessee was to pay during the year.

CIVIL ACTION, commenced before a Justice of the Peace, for the recovery of $44.98, alleged to be due as damages for breach of contract of a lease of certain property in the city of Newbern, heard on appeal before *Graham, J.*, at May Term, 1896, of CRAVEN Superior Court. It having been agreed by the parties that the judge might find both the law and the facts, his Honor found the following facts: That the defendant leased from the plaintiff a certain lot of land in the city of Newbern for the term of one year, from the first day of February, 1894, with the privilege of one year more, at the monthly rate of ten dollars; that on the 28th day of February, 1895, the defendant vacated the said premises and paid the rent therefor up to March 1, 1895; that on the _____ day of March, 1895, the plaintiff took possession of the premises and rented the same to one J. B. Watson, and continued in the possession thereof up to the commencement of this action; that the plaintiff

received as rent for the said premises for the year ending February 1, 1896, from the various parties to whom it had been rented, the sum of $76.

Upon the facts found, his Honor found as a conclusion of law that the plaintiff was entitled to recover $44.98, with interest from the 1st day of March, 1896, and from the judgment therefor the defendant appealed.

*Messrs. M. D. W. Stevenson* and *Clark & Guion* for defendant (appellant).

No counsel *contra.*

FAIRCLOTH, C. J.: "If the lease had been surrendered with the understanding that it should be cancelled" the plaintiff could not recover. *Everett* v. *Williamson*, 107 N. C., 213, 214. The case stated fails to show any such understanding or consent on the part of the plaintiff.

Affirmed.