JAMES & E. R. HARTY v. HARRIS & KEESLER.

*Landlord and Tenant—Tenant from Year to Year—Continuation of Tenancy—Contract.*

1. Ordinarily, when a tenant who has leased for a definite term, holds over without a new contract, a tenancy from year to year is created by presumption of law; but it is competent to rebut such presumption by proof of a specical agreement; hence,

2. Where the lease of a store building was for one year and as much longer as the lessees should remain in business, and the lessees held over after the expiration of the year, a tenancy from year to year was not created and they could terminate it at any time by quitting business.

CIVIL ACTION, tried on appeal from a Justice's court, before *Norwood, J.*, and a jury, at March Term, 1897, of MECKLENBURG Superior Court. Plaintiffs sued for $83.33 as rent of a store room for the month of January, 1897. The facts appear in the opinion.

The defendants asked for the following instructions to the jury:

"1. If the jury believe, from the evidence, that the contract was that Harris & Keesler were to keep the store for one year from the first day of September, 1895, and as much longer thereafter as the said firm of Harris & Keesler should remain in business, then the court charges you that the fact that Harris & Keesler held over after the first day of September, 1896, without further stipulation and agreement, did not make the said defendants tenants from year

to year from the said first day of September, 1896, and the plaintiffs would not be entitled to recover in this cause.

"2. If the jury should believe, from the evidence, that it was understood and agreed between the parties to the said lease that the said Harris & Keesler should be bound to keep the property for one year from the first day of September, 1895, but that they should not be bound to keep the said property for another year unless they remained in business that long, then the plaintiffs would not be entitled to recover in this action.

"3. Ordinarily where a tenant who has leased premises for a definite term and holds over after the termination of his term without any new contract or agreement between him and his landlord, a tenancy from year to year is thereby created by presumption of law, but it is competent for the defendants to show in this case any fact or circumstance which tends to rebut said presumption and to show that it was understood and agreed between the parties to said lease that the said tenants did not intend to hold over under the original contract, and if the jury shall believe that the defendant, Harris, informed the plaintiff, Harty, that he would not lease the premises for two years from the first day of. September, 1895, for the reason that he did not expect to be in business that long, but that he would lease it for one year and as much longer thereafter as he remained in business, this would be evidence to go to the jury tending to show that the defendants did not hold over after the first day of September, 1896, under the original contract, but that they were holding with the understanding and agreement that they had a right to terminate said tenancy at any time before the first day of September, 1897, and if the jury believe that they so held, then the defendants would not be tenants from year to year and would have

120—52

the right to terminate the relation of landlord and tenant at any time.''

The instructions were refused. There was verdict for the plaintiffs, and from the judgment thereon defendants appealed.

*Messrs. Jones & Tillett*, for plaintiffs.

*Messrs. Burwell, Walker & Gansler*, for defendants (appellants).

CLARK, J.: Ordinarily, where a tenant has leased premises for a definite term and holds over after the expiration of the term without any new contract between him and the landlord, a tenancy from year to year is thereby created by presumption of law, but here there was evidence tending to show that when the defendants leased the premises for one year from September 1, 1895, they declined to make the lease for two years from that date, because they did not expect to be in business that long, and that the agreement was to lease it for one year and as much longer as they should remain in business. It was competent for the parties by such special agreement to rebut the legal presumption which would otherwise have arisen by their holding over after the expiration of the term without any agreement. The evidence should have been submitted to the jury, together with the three prayers for instructions asked by the defendants, which were correct statements of the law applicable. *Stedman* v. *McIntosh*, 26 N. C., 291; *Humphries* v. *Humphries*, 25 N. C., 363; *Kitchen* v. *Pridgen*, 48 N. C., 49; *Montgomery* v. *Willis*, 45 Neb., 434, which is almost identical with this case.

The Statute of Frauds cuts no figure. It is not pleaded, nor is the contract of leasing denied. On the contrary, the party who might plead the Statute avers and is relying on the contract. The only controversy is as to its terms and

legal effect. *Taylor* v. *Russell*, 119 N. C., 30.   Besides, if the lease were void under the Statute of Frauds, the lessors could only recover for the time the premises were occupied. *The Code*, Section 1746.

Error.