C. S. HOLTON et al. v. FRANK H. ANDREWS.

(Filed 24 November, 1909.)

**Lessor and Lessee — Monthly Payments — Lease — Tenant by the Year—Contract, Interpretation of.**

A lessee paying rent by the month, but under a lease providing that it would be renewed from year to year for a period of four years, without change in its terms, upon his request in writing, and holding over from the first year without making such request, is a tenant by the year. And when he vacates the premises before the expiration of the year he is liable to the lessor for the stipulated rent for the unexpired term, provided the latter, with reasonable diligence, could not have rented to another within that time.

APPEAL by plaintiff from *Webb, J.,* July Term, 1909, of MECKLENBURG.

Action for damages for breach of contract, appealed to the Superior Court by plaintiff from a magistrate's judgment.

The facts are stated in the opinion of the Court.

*Robert S. Hutchinson* for plaintiff.
*E. R. Preston* for defendant.

CLARK, C. J. The premises were leased for one year, from 1 June, 1907, rent payable monthly. The lease contained this provision: "The parties of the first part bind themselves, upon the request of the party of the second part, in writing, to renew this lease, without change in terms, from year to year, for a period of four years." On 1 June, 1908, the defendant continued in possession of the store, without making such request, in writing or otherwise, paying rent monthly, as before. In January, 1908, erroneously conceiving that he was therefore renter from month to month, the defendant gave due notice, as

such, and vacated the premises on 1 February. The lessor objected, and brings this action to recover the rent from 1 February to 1 June, less the rent from 23 April to 1 June. If the plaintiff's testimony is true, that with reasonable diligence he could not rent the store till 23 April, he is entitled to recover rent from 1 February, 1909, to that date.

His Honor erred in holding this to be a tenancy at will. The requirement that the request for renewal should be in writing was in favor of plaintiff. If not given, he could have refused to renew. The defendant, by continuing on, was presumed to be in for a year, as before, on the same terms as to time, price and monthly payments, and with a right to three years more if requested in writing. A case exactly in point is *Scheelky v. Koch,* 119 N. C., 80. Also, *Harty v. Harris,* 120 N. C., 408. The defendant was no doubt misled into thinking that he was a renter from month to month by the payments being monthly.

　　Error.