### H. A. MURRILL v. CHARLES V. PALMER.

(Filed 26 November, 1913.)

**1. Landlord and Tenant—Leases—Tenant Holding Over.**

When a tenant for a year or longer time holds over and is recognized by the landlord without further agreement or other qualifying facts or circumstances, he becomes tenant from year to year, and is subject to the payment of the rent and other stipulations of the lease as far as the same may be applied to existing conditions.

**2. Same—Renewal of Lease—Presumptions—Breach by Tenant—Damages.**

Where a tenant for a term of years continues to occupy the leased premises after the expiration of the lease, and pays the stipulated monthly rental, which the landlord accepts, and thereafter the landlord asks whether he would desire to renew the lease at an advanced rental, which resulted without further agreement in the continued occupancy by the tenant of the premises, and his continuing to pay the monthly rental in the same amount, the intent of renewing the lease as tenant from year to year is presumed from the circumstances, notwithstanding the

tenant declares a different one; and where he leaves the premises before the expiration of the renewed term, he is liable to the landlord for the payment of the rent for the unexpired term, when the latter has used reasonable but unavailing diligence to secure another tenant within that time. Instances in which it is permissible to show a contrary intent to that of a renewal of the lease, where the tenant holds after the expiration of the term, discussed by HOKE, J.

## 3. Reference—Conclusion of Law—Appeal and Error.

While the finding of a fact in a matter of reference by the court below is conclusive on appeal, the reason does not apply to a conclusion of law upon the facts found: as in this case, a conclusion of law that the tenant had only become a tenant at will.

APPEAL by plaintiff from *Webb, J.,* at June Term, 1913, of MECKLENBURG.

Civil action, heard on appeal from a justice's court. The facts formally agreed upon by the parties are stated in the record as follows:

"The above named parties agree that the following statement of facts, together with the exhibits, shall constitute the facts in this action, and agree that his Honor, James L. Webb, judge presiding, shall upon these facts find as a fact the intentions of the parties litigant, and shall give judgment thereon as he shall determine the law to be arising therefrom.

"First. That the plaintiff and defendant entered into a written lease on 27 March, 1909, for a term of two (2) years from 1 April, 1909, for the premises at No. 16 East Morehead Street, in the city of Charlotte, 'upon the following terms and conditions: The yearly rental during said term shall be $500, which the lessee agrees to pay in monthly payments of $41.67 each, on the first day of each month, in advance.' Agreeable thereto, the defendant occupied said premises and paid rent in advance during the two years, as stipulated under said lease. The lease expired 1 April, 1911. (See Exhibit A.)

"Second. That at the expiration of said lease defendant continued to occupy said premises, and paid as the rent therefor an amount equal to the amount he had formerly paid in advance each month, to wit, $41.67, which sum, however, was paid

at the end of each month, and never in advance; that on 30 May, 1911, the plaintiff addressed a letter to the defendant, stating that the lease had expired, and that he 'would like to renew the lease for the remainder of the twelve (12) months at $45 per month.' (See Exhibit C.) That on 1 June, 1911, the defendant replied to plaintiff, stating, "Will consider renewal for the next twelve months at the same rental heretofore paid,' and other conditions, such as other improvements, 'check covering rental for the month of May inclosed.' (See Exhibit D.) That nothing came of this correspondence, and the defendant continued in possession of the premises and the plaintiff continued to receive the rent at the end of each month.

"Third. That on 28 September, 1912, the defendant gave the plaintiff written notice that he would vacate said premises on 31st October, following. (See Exhibit E.)

"Fourth. That on 3 October, 1912, the plaintiff replied to the defendant, advising him that 'he was a tenant from year to year, and that he could not vacate the premises until 31 March, 1913; but that if he would secure a satisfactory tenant to take the house on 1st November, the matter would be satisfactory. Any new lease on the property will have to be made at $50 per month until 31 March, 1913.' (See Exhibit F.)

"Fifth. That on 16 October, 1912, plaintiff again wrote defendant as shown by Exhibit G.

"Sixth. The defendant immediately replied, stating that he had consulted an attorney, and that he was advised that he had a right to vacate said premises, and would proceed to do so; and further offered to help plaintiff to secure another tenant. (See Exhibit H.)

"Seventh. That on 31 October, 1912, the defendant vacated said premises, and they remained vacated until 1 February, 1913, or for a space of three months, which, as the plaintiff had been receiving $41.67 each month for said premises, entailed a loss of $125.01. (See Exhibit B.)

"Eighth. That immediately upon the premises being vacated by the defendant, plaintiff advertised said property for rent and used due diligence in every way to secure a new tenant imme-

diately, and that he secured a new tenant within a reasonable time, to wit, about ninety days. That the defendant also endeavored to help plaintiff to secure a new tenant, and that this hiatus in the rental could not have been avoided by any further efforts.

"That this cause of action originated in the magistrate's court, being appealed to the Superior Court by the defendant. That if upon the foregoing exhibits and record, his Honor shall find the plaintiff entitled to recover, he shall give judgment in favor of the plaintiff for $125.01, with interest thereon from 1 February, 1913, until paid. If he shall find the plaintiff is not entitled to recover, he shall give judgment for the defendant."

The court, thereupon, entered judgment as follows: "This cause coming on to be heard on the above agreed statement of facts and the record, and being heard, the court is of the opinion that the defendant was a tenant at will of the plaintiff, and so adjudges. It is therefore ordered by the court that the plaintiff recover nothing of the defendant, and that the costs of this action be taxed against the plaintiff."

From this judgment plaintiff, having duly excepted, appealed to this Court.

*T. W. Alexander for plaintiff.*

*F. I. Osborne, H. C. Miller, W. S. O'B. Robinson, Jr., and N. A. Cocke for defendant.*

HOKE, J. It is a principle fully recognized, and not infrequently applied in this State, that when a tenant for a year or a longer time holds over and is recognized as tenant by the landlord, without further agreement or other qualifying facts or circumstances, he becomes tenant from year to year, and subject to the payment of the rent and other stipulations of the lease as far as the same may be applied to existent conditions. *Holton v. Andrews,* 151 N. C., 340; *Harty v. Harris,* 120 N. C., 408; *Scheelky v. Koch,* 119 N. C., 80; *Steadman v. McIntosh,* 26 N. C., 291; McAdam Landlord and Tenant (3d Ed.), sec. 32 *et seq.;* Taylor on Landlord and Tenant (9th Ed.), sec. 525.

The position, in the first instance, is at the option of the land-lord. He may treat his tenant, who holds over, as a trespasser, and eject him, or he may recognize him as tenant; but when such recognition has been made, a presumption arises of a ten-ancy from year to year, and as stated, under the terms and stipulations of the lease as far as the same may apply. This is a rebuttable presumption, which may be overcome by proper and sufficient proof. When there is testimony permitting the in-quiry, it is usually a question of intent—an intent, however, which under some circumstances may be inferred from conduct, and in direct opposition to the express declaration of one or the other of the parties. Thus in McAdam, *supra,* p. 83, it is said: "Notifying the landlord that the tenant does not intend to re-new the lease is ineffectual if the tenant wrongfully holds over, for the intent is inferred from the act, and it is this that gives the landlord the right to treat him as a tenant for a renewed term." In further illustration of these general principles, there are decided cases to the effect that the presumption in question shall not prevail where it is made to appear that when the term closed the parties were negotiating for a renewal or change of the lease, and the tenant remained in possession with the acqui-escence of the landlord till the matter was determined. *Mont-gomery v. Willis,* 45 Neb., 434; *Smith v. Aldt,* 7 Daly, p. 492; *Schilling v. Klein,* 41 Ill. App. Court, p. 209.

Again it has been properly held that there shall be no wrong-ful holding over within the meaning of the principle when the tenant has been compelled to continue his occupation of neces-sity; for instance, when he has remained in possession solely by reason of the sickness of the tenant or some member of his fam-ily and of such a character that removal could not be presently made without serious danger to the patient. *Hester v. Mullen,* 159 N. Y., 28.

There is also a decision in the State to the effect that the right of the landlord to insist on a tenancy from year to year may be waived, and should be held waived, when after the term had ex-pired the landlord made certain propositions to the tenant for a further renting and agreed to give the tenant time to con-

sider them, and later, having made peremptory demand for a sum certain for a renewal, withdrawing all other propositions, the tenant thereupon rejected the last proposition and at once vacated the premises. *Drake v. Wilhelm,* 109 N. C., 97. But none of the conditions suggested are presented in this case. On the contrary, a perusal of the facts agreed upon will disclose that defendant rented the dwelling-house of plaintiff for two years from 1 April, 1909, at $500 per annum, the rent payable at $41.67 per month in advance; that at the end of the term the defendant held over without further agreement, and paid the rent for the first month. That on 30th May plaintiff wrote to defendant, "That he would like to renew the lease for the remainder of the twelve months," and demanding a higher rent. Defendant answered, declining to pay more, and offering to take the property for twelve months at same rate, inclosing check at that rate for the month of May, and as the case agreed then states it, "That nothing came of this correspondence." That defendant continued in possession of the premises during that year, 1911, paying the rent at the old rate at the end of each month, and on into the second year, until 28 September, 1912, when he gave plaintiff written notice and vacated the premises on 30 October, 1912, and plaintiff, using due diligence, was left without a tenant for three months. At the time when the former lease expired there was no treaty pending for renewal. When plaintiff made his demand for a higher rent, the defendant did not accept plaintiff's position in reference to the tenure and vacate the premises. He continued in possession, paying rent at the old rate, and in our opinion there is nothing to prevent the operation of the principle usually obtaining in such cases, and that plaintiff had the right to consider and hold defendant as tenant from year to year.

It was urged for defendant that the question is one of intent, which was left for the judge to find, and that his Honor has found as a fact that the intent was for defendant to occupy the premises as tenant at will; but we do not so interpret the action of his Honor. There is no additional finding of fact by him, but on the facts as presented he adjudges as a conclusion of law

that defendant occupied the property· as tenant at will. The defendant, after vacating the premises, seems to have acted very well in the matter, and to have done what he could to aid plaintiff in obtaining a new tenant, and he no doubt has acted in good faith; but in our opinion he vacated the premises in breach of his tenure as tenant from year to year, and plaintiff has the right to recover the damages suffered by reason of the premises being without a tenant.

On the facts stated, the plaintiff is entitled to judgment for loss of rents, and this will be certified, that such judgment may be entered.

Reversed.