SOUTHERN EXPRESS COMPANY, ET AL. v. J. B. PRITCHETT.

(Filed 7 April, 1920.)

**Principal and Agent—Landlord and Tenant—Lessor and Lessee—Trusts.**

Where the managing agent of a corporation conducting its business in leased premises, obtains a renewal of the lease from the owners in his own name, the lessor and the corporation, both believing he was acting only as agent in procuring the lease, he will be held, as a matter of law, trustee thereof for his principal.

APPEAL by defendant from *McElroy, J.,* at November Term, 1919, of FORSYTH.

*Swink, Korner & Hutchins and Manly, Hendren & Womble for plaintiff.*
*J. E. Alexander and D. C. Kirby for defendant.*

CLARK, C. J. The Southern Express Company was occupying an office in Winston under a lease for 5 years from 1 April, 1911. Soon

after the expiration of the 5-year term, the defendant, who was managing agent of the express company at that point, had a conversation with one of the owners of the property about renewing the lease, who said it made no special difference, that the matter could run on and whenever the express company wanted a lease it could get it. On 28 February, 1917, the defendant was notified by the express company that it desired to renew the lease for another year, from 1 April, 1917, and he was instructed to see the owners as to this. The defendant saw the owners and reported to the express company that the owners were willing that the express company should continue renting the premises as theretofore, but the rent would probably be increased to $75 per month. On 26 November, 1917, the defendant, while still managing agent of the express company at Winston, decided to leave their service, and on 1 December, took a lease in his own name for one year from 1 December, 1917, with the privilege of four years more at the same rental for the premises then occupied by the express company.

It appears from the testimony of Mr. C. E. Bennett, one of the owners, that he thought the defendant was acting for the express company, and that the lease he agreed to was in the name of the express company, and that he would not have leased it to the defendant if he had known that he was trying to lease the premises for himself. Two other witnesses testified that the defendant told them in conversation that Bennett, the owner, was not aware that the defendant was leasing the property for himself, and one of them said the defendant further stated: "If Mr. Bennett had been aware that he (the defendant) was trying to lease it for himself he would not have gotten it." The defendant being recalled, admitted the above conversations except the last statement.

The court properly charged the jury on the first issue, that if they believed the evidence, the defendant, on 26 November, 1917, at the time he took a lease of the premises for himself, was managing agent of the express company at Winston, and as such agent acquired knowledge with respect to the occupancy of the premises by means of which he secured the lease to himself.

The court further correctly charged the jury, as to the second issue, that the Southern Express Company, on 26 November, 1917, was occupying the premises in question as a tenant by the year beginning 1 April, 1917, *Murrill v. Palmer,* 164 N. C., 50, and directed the jury to answer that issue "Yes."

The court also correctly charged the jury upon the third issue that if they believed the evidence it was the purpose of the express company not to vacate the premises in question until they had completed arrangements to obtain other quarters, and they had not done so when the defendant leased these premises.

The fourth and last issue, and which is really the only controverted question, was "Does the defendant hold the said lease in trust for the plaintiff express company, as alleged in the complaint?" The court, upon this issue, charged the jury: "The court is of the opinion, gentlemen of the jury, and so charges you, that if the defendant, while acting as agent of the plaintiff express company at this place, and while actually occupying this building, either for a term of one year, or from month to month, and with knowledge of these facts, went to the Messrs. Bennett (the owners they thinking he was acting for his employer, the express company) and secured a lease from them in his own name and for his own benefit, that then, under those circumstances and conditions, he would, at the option of the plaintiff express company, hold the lease as trustee for its benefit." The jury found this issue "Yes." There is ample evidence to justify this finding of fact, and the instruction as to the law was correct.

This case presents really only one issue of fact, and there is very little controversy as to that. As a matter of law, it is clear that the charge of the court upon the fourth issue was correct. It was a breach of good faith for the defendant, as the jury found, while occupying the premises as agent for the express company, and during their tenancy, without their knowledge, and without the knowledge of the owners, to secure a lease in his own name, the owners thinking that they were renewing the lease to the express company. Such conduct cannot be sustained in a court of law.

There were other exceptions, but none of them require any discussion. No error.