MRS. ELIZABETH CROSS WILLIAMS, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF MRS. JOHN W. CROSS (SUBSTITUTED PLAINTIFF FOR MRS. JOHN W. CROSS, DECEASED) v. R. E. KING AND WILLIAM KING.

(Filed 10 January, 1958.)

**Landlord and Tenant § 15—**

Lessees holding over after the expiration of their term are not relieved of liability for rent by turning over the premises to a corporation formed by them, later becoming insolvent, when the lessor does not agree to relieve lessees of their obligation to pay rent or accept the corporation as substitute tenant, and mere notice to lessor of the circumstances is insufficient.

APPEAL by defendants from *Carr, J.,* April, 1957 Term, WAKE Superior Court.

Civil action to recover $250.00—two months' rent—alleged to be due by reason of the defendants having held over after their lease had expired. Other issues were raised by the pleadings; however, they have been eliminated and are not involved in this

appeal. The jury found the defendants were liable to the plaintiff for $250.00 unpaid rent for the months of June and July, 1955. From the judgment, the defendants appealed.

*Manning & Fulton, and Charles F. Blanchard By: Howard E. Manning, for plaintiff, appellee.*
*Vaughan S. Winborne, Samuel Pretlow Winborne By: Vaughan S. Winborne, for defendants, appellants.*

HIGGINS, J. The defendants admitted the execution of the lease of a certain lot on Blake Street in Raleigh for a term of three years, beginning May 1, 1950, at a stipulated monthly rental. The leased premises were for use by the defendants in the operation of their partnership grocery business. The lease contained an agreement to renew for another three-year period at a monthly rental to be agreed upon, or in the absence of agreement, to be fixed by arbitration.

At the end of the original three-year term the plaintiff tendered a lease for a second term which the defendants refused to sign. The defendant R. E. King testified he told plaintiff's representative that he was getting out and that his son, William King, was taking over. However, the defendants neither vacated nor surrendered the premises, but held over. During the first year of the holdover period the partnership apparently was dissolved. The defendant William King and two others incorporated under the name, King Produce, Incorporated. The defendants having divided their partnership property, each conveyed his share to the corporation. The corporation executed a chattel mortgage to R. E. King for $10,000 to secure the payment for his share. The transfer to the corporation was completed before the end of the first year of the holdover period; however, both defendants continued to work for the corporation, R. E. King on a part-time basis, and William King in his capacity as president. The corporation became insolvent and went out of business after occupying the leased premises for three months of the third year after the lease expired. At that time the plaintiff took possession. The rent was paid for the first month. It is admitted, however, that $250.00 remained unpaid. The sole question is who is liable.

The plaintiff claims the original lessees, having held over, are liable. The defendants deny their liability and assert the defunct corporation is liable. ". . . where a tenant has leased premises for a definite term and holds over after the expiration of the term without any new contract between him and the landlord, a tenancy from year to year is thereby created by presumption of law, . . ." *Harty v. Harris,* 120 N.C. 408, 27 S.E. 90. "The de-

fendant, by continuing on, was presumed to be in for a year, as before, on the same terms. . . ." *Holton v. Andrews,* 151 N.C. 340, 66 S.E. 212. "He (landlord) may treat his tenant, who holds over, as a trespasser, and eject him, or he may recognize him as tenant; but when such recognition has been made, a presumption arises of a tenancy from year to year . . . 'Notifying the landlord that the tenant does not intend to renew the lease is ineffectual if the tenant wrongfully holds over, for the intent is inferred from the act, and it is this that gives the landlord the right to treat him as a tenant for a renewed term.' " *Murrill v. Palmer,* 164 N.C. 50, 80 S.E. 55. "Ordinarily it may be said that a contract is considered to remain in force until it is rescinded by mutual consent, or until the party claiming under it does some act, inconsistent with the duty imposed upon him by the agreement, which amounts to an abandonment . . . on his part." *Monger v. Lutterloh,* 195 N.C. 274, 142 S.E. 12. In the absence of an agreement or consent on the part of the owner, the tenant does not relieve himself of responsibility for rent by the mere act of selecting and installing a new tenant.

The record fails to show the plaintiff ever agreed to relieve the lessees of responsibility for rent or to accept the corporation as a substitute lessee. After the business was incorporated both defendants continued with the business. R. E. King was the holder of a mortgage on its assets for $10,000. William King was its president. The defendants would appear to remain bound for rent until they surrendered the premises or until they obtained an agreement from the lessor to relieve them and accept the corporation as lessee. The record fails to show they did either. The statement of R. E. King to the plaintiff's agent that he was getting out falls far short of a surrender of the premises and he does not even claim the plaintiff agreed to relieve him of further obligation.

The well considered opinion of Justice Parker in the case of *Bank v. Bloomfield,* 246 N.C. 492, 98 S.E. 2d 865, settles the question adversely to the defendants' claims: "The fact that Bloomfield . . . told Mrs. Lloyd that he had transferred the lease to Peoples Fruit and Produce Company, Inc., and that she said it was all right does not even tend to show that Mrs. Lloyd agreed to release Bloomfield from his express covenant . . . to pay rent and to substitute the corporation in his place."

Notwithstanding the defendants' failure to offer either evidence of an agreement to relieve them of the obligation to pay rent or to accept the corporation as a substitute tenant, the court left the entire matter of the defendants' responsibility to the jury and charged the jury as follows:

"If the plaintiff has satisfied you by the greater weight of the evidence that there was a lease for three years expiring on or about the 30th day of April, 1953, and that the defendants continued to occupy the building from that time onward and up until the institution of this suit, and that the plaintiff was not notified that the defendants were not going to continue to assume responsibility for the payment of the rent, and particularly were not notified of that fact prior to April 30, 1955, and has further satisfied you by the greater weight of the evidence that two months' rent was due . . . it would be your duty to answer this first issue, '$250.00.'; if the plaintiff has failed to satisfy you of those facts, by the greater weight of the evidence, then it would be your duty to answer that issue: 'Nothing.' "

Certainly the court gave the defendants the full benefit of their evidence and contentions, and the jury resolved the issue against them. No reason appears why the verdict and judgment should be disturbed.

No error.