IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1019

 Filed: 1 October 2019

Surry County, No. 17 CVD 1899

MOUNT AIRY-SURRY COUNTY AIRPORT AUTHORITY, Plaintiff,

 v.

DENNIS DWAIN ANGEL and WYATT DWAIN ANGEL, Defendants.

 Appeal by defendants from order entered 15 May 2018 by Judge William F.

Southern, III in Surry County District Court. Heard in the Court of Appeals 26 March

2019.

 C. Daniel Barrett for plaintiff-appellee.

 Randolph M. James, P.C., by Randolph M. James, for defendants-appellants.

 DIETZ, Judge.

 Dennis Dwain Angel and his son Wyatt Dwain Angel leased a hangar at the

Mount Airy-Surry County Airport for more than ten years. In late 2017, with little

more than a week’s notice, the airport told the Angels that the lease was terminated

and they must vacate the hangar.

 We acknowledge that the Angels presented evidence indicating that they were

treated differently from other airport tenants, and that a lawsuit whose pleadings

became a part of the record in this case allege there is much more to the parties’

dispute than a mere disagreement over a hangar lease.
 MOUNT AIRY-SURRY CTY. AIRPORT AUTH. V. ANGEL

 Opinion of the Court

 But this appeal concerns only the application of settled contract law principles

to a proceeding for summary ejectment. Applying those principles here, the Angels

have not forecasted sufficient evidence to create any genuine issues of material fact.

By 2017, the parties’ lease arrangement was on a month-to-month basis. Thus, the

trial court properly entered summary judgment in this case.

 Facts and Procedural History

 On 31 May 2011, Dennis Dwain Angel and his son Wyatt Dwain Angel entered

into a three-year lease agreement with Mount Airy-Surry County Airport for Hangar

#5. The rent was $2,400 per year due in monthly $200 payments. The lease term was

from 1 June 2011 to 31 May 2014.

 The lease agreement contained a “Renewal Option” and a provision for

“Holdovers”:

 (19) Renewal Option: In the event Tenant is not in default of the terms,
 covenants and conditions of this agreement, Tenant and Landlord may
 agree to renew this lease at the expiration of the original term for one
 (1) year on the same terms and conditions contained herein, except for
 the fixed minimum monthly rent which shall be at a negotiated amount.
 Such renewal agreement shall be made in writing on or before the
 termination of the original term. Notwithstanding the provisions
 contained herein, under no circumstances may this agreement be
 renewed or extended to a date more than 5 years beyond the original
 beginning date set forth herein.

 (20) Holdovers: Except as provided above, continued occupancy of the
 premises beyond the initial lease period, or beyond any renewal period,
 shall be on a month-to-month basis.

 -2-
 MOUNT AIRY-SURRY CTY. AIRPORT AUTH. V. ANGEL

 Opinion of the Court

 The lease was not renewed in writing before the contract’s expiration on 31

May 2014. But the Angels did not vacate the hangar at the end of the original lease

term. Instead, they continued to pay the airport $200 per month to use the hangar.

This went on for more than three years, including a period in 2017 in which, according

to the Angels, the airport increased the monthly rent to $215 per month.

 On 19 October 2017, the airport gave the Angels written notice that, in the

airport’s view, they were operating under a month-to-month lease and that the

airport was terminating that lease effective 31 October 2017. The Angels refused to

leave, prompting the airport to commence a summary ejectment action.

 At the initial summary ejectment proceeding, the magistrate found in favor of

the airport. On 15 December 2017, the Angels appealed the judgment to district court.

The court granted summary judgment in favor of the airport. The Angels timely

appealed.

 Analysis

 Summary judgment is proper when “the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that any party is entitled to a

judgment as a matter of law.” N.C. R. Civ. P. 56(c). We review the trial court’s grant

of summary judgment de novo. Murillo v. Daly, 169 N.C. App. 223, 225, 609 S.E.2d

478, 480 (2005).

 -3-
 MOUNT AIRY-SURRY CTY. AIRPORT AUTH. V. ANGEL

 Opinion of the Court

 I. Lease renewal for one-year term

 The Angels first argue that there are genuine issues of material fact because

they have evidence that they continued to pay rent long after the initial expiration of

the lease term. They contend that the airport’s acceptance of those monthly rental

payments constituted a series of one-year renewals under the terms of the renewal

provision in the agreement.

 To support this argument, the Angels cite case law stating that “if the lease

provides for an additional term at an increased rental, and after the expiration of the

lease the tenant holds over and pays the increased rental, this is affirmative evidence

on his part that he has exercised the option to take the lease for an additional term.”

Coulter v. Capitol Fin. Co., 266 N.C. 214, 218, 146 S.E.2d 97, 101 (1966). This rule

applies even if the contract requires any renewal to be in writing, or has other pre-

conditions. In Coulter, for example, the contract required the tenant to notify the

landlord of the intent to renew by registered mail at least 30 days before the end of

the original lease term. Id. at 217, 146 S.E.2d at 100. Our Supreme Court held that

the lease was renewed when the tenant held over and paid the increased rent. Id. at

218–19, 146 S.E.2d at 101.

 On the surface, this case appears quite similar to Coulter. But there is a key

distinction. In Coulter, the rent increase already was negotiated and built into the

original lease agreement, which stated that the rent for the additional two-year term

 -4-
 MOUNT AIRY-SURRY CTY. AIRPORT AUTH. V. ANGEL

 Opinion of the Court

would increase from $175 to $225 per month. Here, by contrast, the contract provides

that any one-year extension would be accompanied by a new rental payment “at a

negotiated amount.”

 There is no evidence that the Angels and the airport negotiated a new rental

payment amount after the original contract term expired. Instead, the record

indicates that the Angels simply held over and paid the same rent as before. The lease

agreement has an express provision governing this situation. It provides that

“continued occupancy of the premises beyond the initial lease period, or beyond any

renewal period, shall be on a month-to-month basis.”

 To be sure, the Angels contend that they paid increased rent beginning in 2017.

But by then, it was too late. The original lease agreement expressly provides that it

can be renewed only for two additional one-year terms. In other words, the contract

cannot be extended beyond mid-2016 under any circumstances. Occupancy that

continues beyond that time period necessarily must be month-to-month under the

agreement. By 2017, when the Angels allegedly paid increased rent, they had held

over well past that two-year mark and thus could not renew the contract—either

expressly or impliedly—for further one-year terms.

 In sum, as Coulter explained, although our courts have created common law

rules to help address recurring tenant holdover issues, “[t]he parties to the lease may,

of course, agree upon a different relationship.” Id. at 217, 146 S.E.2d at 100. That is

 -5-
 MOUNT AIRY-SURRY CTY. AIRPORT AUTH. V. ANGEL

 Opinion of the Court

what occurred here. The parties agreed that, if the tenant held over and the parties

did not negotiate a new rental payment, then the tenant’s occupancy was on a month-

to-month basis. Accordingly, we reject the Angels’ argument that their payment of

rent after holding over constituted a renewal of the original lease agreement for

successive one-year terms.

 II. Waiver of the renewal terms in the lease

 The Angels next argue that the airport, through its failure to act on the

holdover, waived several portions of the lease agreement: the requirement that

renewals be in writing; the requirement that renewals occur before the expiration of

the existing lease term; and the provision limiting renewals to no more than two

additional one-year terms beyond the original three-year term.

 In contract law, waiver is “an intentional relinquishment or abandonment of a

known right or privilege.” Bombardier Capital, Inc. v. Lake Hickory Watercraft, Inc.,

178 N.C. App. 535, 540, 632 S.E.2d 192, 196 (2006). Waiver can be express or implied.

“A waiver is implied when a person dispenses with a right by conduct which naturally

and justly leads the other party to believe that he has so dispensed with the right.”

Id.

 Here, there is no express evidence of waiver. Dennis Dwain Angel’s affidavit

states that “[a]fter May of 2014, I was informed and believed that our lease would be

renewed.” But this statement is missing a critical fact: informed by whom? To create

 -6-
 MOUNT AIRY-SURRY CTY. AIRPORT AUTH. V. ANGEL

 Opinion of the Court

a material issue of fact, the Angels must have evidence that airport officials told them

the lease would be renewed. That evidence is not in the record before us.

 Similarly, Dennis Dwain Angel’s affidavit states that the airport “had a

practice or policy of renewing everyone’s leases as long as they were making rental

payments.” But, again, this assertion is missing key pieces of evidence necessary to

overcome summary judgment. For example, we do not know if “everyone”—which

presumably means similarly situated tenants—had discussions or negotiations about

the renewals that did not occur here. And, more importantly, we do not know that

those tenants had lease agreements with terms similar to the agreement here.

Indeed, the airport might have different contracts with different tenants, with

different renewal terms.

 In sum, the record does not contain evidence of conduct by the airport that

might naturally have led the Angels to believe there was an express or implied

waiver. The lease agreement contains a holdover provision that permits the Angels

to continue to occupy the hangar on a “month-to-month basis.” The airport’s conduct

is consistent with that term of the contract, and there is no evidence that the airport

expressly or implicitly took steps indicating it would waive those contract terms.

Accordingly, the trial court properly rejected the Angels’ waiver arguments.

 III. Novation and a new, unwritten lease agreement

 Finally, the Angels argue that there was a novation—that, when the Angels

 -7-
 MOUNT AIRY-SURRY CTY. AIRPORT AUTH. V. ANGEL

 Opinion of the Court

began paying increased rent of $215 per month, that increase was “intended to

extinguish the obligations of the written lease agreement” and to replace the written

agreement with a new, unwritten one that included a one-year lease term.

 Again, this argument has a fatal flaw. A novation is “a substitution of a new

contract or obligation for an old one which is thereby extinguished. The essential

requisites of a novation are a previous valid obligation, the agreement of all the

parties to the new contract, the extinguishment of the old contract, and the validity

of the new contract.” Bank of Am., N.A. v. Rice, 230 N.C. App. 450, 458, 750 S.E.2d

205, 210 (2013) (ellipses and emphasis omitted). “The well-settled elements of a valid

contract are offer, acceptance, consideration, and mutuality of assent to the contract’s

essential terms.” Southeast Caissons, LLC v. Choate Const. Co., 247 N.C. App. 104,

110, 784 S.E.2d 650, 654 (2016).

 Here, the time frame of the alleged unwritten lease agreement—which the

Angels contend is one year—is an essential term. Thus, there must be evidence of the

parties’ mutual assent to that term. There is none. Dennis Dwain Angel’s affidavit

states that “in April or May 2017, Plaintiff increased the rent to $215.00 per month.

I made all monthly rental payments of $215.00.” That is the only evidence to indicate

the parties negotiated a different contractual relationship at that time. Because there

is no evidence that the parties mutually assented to abandon their existing month-

 -8-
 MOUNT AIRY-SURRY CTY. AIRPORT AUTH. V. ANGEL

 Opinion of the Court

to-month lease term and form a new lease agreement with a one-year term, the trial

court properly rejected the Angels’ novation argument.

 Conclusion

 We affirm the trial court’s order granting summary judgment in favor of the

Mount Airy-Surry County Airport Authority.

 AFFIRMED.

 Judges TYSON and HAMPSON concur.

 -9-